UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:
TORI L. BRYCE,                                                                         Case No. 14-20923

    Debtor.                                                     Chapter 13
                                                                     Hon. Daniel S. Opperman
_____/
TORI L. BRYCE,

    Plaintiff,

v.                                                                           Adv. Proc. No. 14-2048

CITIMORTGAGE, INC., and FEDERAL
NATIONAL MORTGAGE, d/b/a
FANNIE MAE

    Defendants.
_____/

OPINION REGARDING DEFENDANTS' MOTION TO DISMISS

Introduction

Before the Court is Defendants Citimortgage, Inc. And National Mortgage Association's (collectively, "Defendants") Motion To Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012. This adversary proceeding is brought by Plaintiff Debtor Tori L. Bryce to set aside a foreclosure sale dated September 13, 2013.

Facts

Plaintiff granted a first mortgage regarding real property then owned by her located at 3571 Nort Rd., Bridgeport, Michigan (the "Property") to Citizens Bank, which was later

1

assigned to Defendant Citimortgage, Inc. The mortgage was granted on December 26, 2002, and recorded with the Saginaw County Register of Deeds on February 19, 2003. The Property was sold at foreclosure sale on September 13, 2013, and the Sheriff's Deed was thereafter recorded on September 19, 2013. The Property was transferred to Defendant Federal National Mortgage Association via Quit claim Deed recorded with the Saginaw County Register of Deeds on October 15, 2013.

The redemption period expired on March 13, 2014. Defendants then commenced proceedings to evict Debtor from the Property , and while such was pending, Debtor filed the instant Chapter 13 bankruptcy on April 21, 2014. Defendants filed a Motion for Relief from Stay on May 14, 2014. This Adversary Proceeding was filed on May 27, 2014, and the Motion for Relief from Stay was adjourned to September 11, 2014.

The instant adversary proceeding filed by Debtor seeks a determination that the foreclosure sale is void for failure to comply with Michigan foreclosure statutes, violation of the mortgage "contract", violation of Michigan's Regulation of Collection Practices Act, and violation of the Michigan Consumer Protection Act.

Defendants bring the instant motion to dismiss asserting that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), their arguments being that Plaintiff lacks standing to void this mortgage because the bankruptcy was filed after the redemption period had expired, and that the Plaintiff had no interest in the property at the time the bankruptcy was filed.

Plaintiff responds, asserting that Michigan's foreclosure statute was not complied with because the required notice of default and impending sale was not provided or was improperly

2

provided to her. She asserts that she "received no notice whatsoever of the default, the foreclosure sale or the subsequent eviction." Plaintiff supports these assertions with her own affidavit attached to her response.

The Court held a hearing on Defendants' Motion on September 5, 2014, at which time the Court heard arguments of counsel. Regarding notice, counsel for Defendants promised to provide a copy of the card evidencing service of Plaintiff's receipt of the notification of foreclosure, as well as phone conversation logs and email correspondence between Debtor and individuals employed by Defendants' counsel's firm. Defendants through counsel filed a supplement to its Motion, attaching the promised items, which included evidence of communication between Plaintiff and Defendants' firm regarding reinstatement amounts, as well as a copy of a domestic return receipt card, showing the signature of Plaintiff Tori Bryce as having received certified mail on June 27, 2013, of the foreclosure notice. Plaintiff responds that these items are directly contradicted by her sworn affidavit.

<u>Jurisdiction</u>

Preliminarily, the Court questions whether it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). While this would normally be considered a core proceeding under 28 U.S.C. § 157(b)(2)(K), as a determination as to the validity, extent, or priority of a liens, the issues in this adversary proceeding appear to involve matters which limit this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, -----U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

3

The issues involve purely state law issues concerning state contract law, state law foreclosure and other state law statutes. Thus, the Court determines this is not a core proceeding, but is related to a case under title 11. Because the parties have not objected to the Court hearing and deciding this matter, as well as entering appropriate orders and judgments, the Court will proceed in issuing its Opinion.

Law

Standard for Motion to Dismiss - Failure to State a Claim

Fed.R.Civ.P. 12(b), applicable in this adversary proceeding through Fed.R.Bankr.P. 7012, states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in a responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

A motion brought under Fed. R. Civ. P. 12(b)(6) tests the "sufficiency of [a] complaint." *Conley v. Gibson*, 351 U.S. 41, 46 (1957). A court is asked "to examine the plaintiff's allegations and determine whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635,638 (6th Cir. 1993). "A court considering a motion to dismiss under Rule 12(b)(6) 'must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff.'" *Benzon v. Morgan Stanley Distributors*, 420 F.3d 598, 605 (6th Cir. 2005)(*quoting Inge v. Rock. Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002)(*citing Turker* v. *Ohio Dep't of*

*Rehab. & Corr.*, 157 3d 453, 456 (6th Cir. 1998))). If "an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1120, 1138 (6th Cir. 1995). "While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997)(*quoting Allard v. Weitzman* (*In re Delorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993)(emphasis in original)). Under "the Federal Rules of Civil Procedure, a plaintiff is required to provide a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 351 U.S. at 47. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Andrews v. State of Ohio*, 104 F.3d at 806 (*quoting In re Delorean Motor Co.*, 991 F.2d at 1240).

In *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), the United States Supreme Court revisited the standards that govern Civil Rule 12(b)(6) dismissal motions. In doing so, the Supreme Court in *Twombly* reaffirmed the "notice pleading" standard of Rule 8(a)(2) but renounced "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 560-61 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As explained by the Court in *Twombly*,

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]". . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] . . . Factual allegations must be enough to raise a right to relief above the

5

speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]

*Bell Atlantic Corp. v. Twombly*, 550 U.S. at 553-55 (citations omitted). The *Twombly* court went on to

hold that stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest [grounds for relief]. Asking for plausible grounds to infer [a right to relief] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [of an entitlement to relief]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. at 553-55 (citations omitted). *See also Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197 (2007) (explaining that Fed.R.Civ.P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary[.]")).

The Supreme Court later examined *Twombly* in the case of *Ashcroft v. Iqbal*, 556 U.S.662 (2009). In *Iqbal*, the Supreme Court held that *Twombly* applies to all civil actions and is not limited to antitrust disputes only as was the case in *Twombly*. *Iqbal*, 556 U.S. 684. The *Iqbal* Court further defined two "working principles underl[ying its] decision in *Twombly*:

First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . .   Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded

6

> facts do not permit the court to infer more than the mere possibility
> of misconduct, the complaint has alleged–but it has not "show[n]"
> – "that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 678-79 (citations omitted).

Relevant Michigan Law Regarding Post-Redemption Relief

Under MCLA 600.5801 the redemption period may be equitably extended for 5 years under certain circumstances. This statute states:

**600.5801. Limitation of real actions; periods**

Sec. 5801. No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless, after the claim or right to make the entry first accrued to himself or to someone through whom he claims, he commences the action or makes the entry within the periods of time prescribed by this section.

(1) **Defendant claiming title under fiduciary's deed or court-ordered sale.** When the defendant claims title to the land in question by or through some deed made upon the sale of the premises by an executor, administrator, guardian, or testamentary trustee; or by a sheriff or other proper ministerial officer under the order, judgment, process, or decree of a court or legal tribunal of competent jurisdiction within this state, or by a sheriff upon a mortgage foreclosure sale the period of limitation is 5 years.

The certain circumstances under with the redemption period may be extended include fraud. As the Michigan Court of Appeals held in the case of *Awad v. General Motors Acceptance Corp.*, 2012 WL 1415166 at *2 (Mich. Ct. App. April 24, 2012), an equitable extension of the redemption period is possible if there is a "clear showing of fraud, or irregularity" in the foreclosure process.

Pleading Standard under Rule 9(b)

> Where [ ] fraud is alleged, the concept of notice pleading is refined by a
> requirement of specificity. Fed. R. Civ. P. 9(b) (Bankr. R. 7009) provides: "In all

averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." "To satisfy FRCP 9(b), a plaintiff must at a minimum allege the time, place and contents of the misrepresentation(s) upon which he relied. " The plaintiff must state with particularity the specific circumstances giving rise to the complaint.

Huntington National Bank v. Schwartzman (In re Schwartzman), 63 B.R. 348, 355 (Bankr. S.D. Ohio 1986) (quoting Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir.1984) and citing Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 394 (6th Cir.1975)).

<u>Analysis and Conclusion</u>

Plaintiff does not assert the fraud/equitable extension defense under the above-stated Michigan statute, MCL 600.5801(1), which would possibly give her five years to pursue and challenge a mortgage foreclosure sale. *See Hermiz v. Federal Home Loan Mortgage Corp. (In re Hermiz)*, 2013 WL 3353928 (E.D. Mich. July 3, 2013). There is no allegation of intentional fraud in Plaintiff's complaint. Rather, Plaintiff indirectly implied in her Complaint that she "never received notice of the pending sale," and that when the subsequent eviction proceeding thereafter ensued, the "process server mistakenly" went to the wrong house to serve the Writ of Restitution. (Complaint, ¶ 15 and 16). These allegations do not plead fraud, but a mere allegation of possible negligence in service of these notices and pleadings. This does not come close to the specificity in pleading requirements of Federal Rule of Civil Procedure 9(b). Thus, because her Complaint does not plead or can be plausibly read to plead the required fraud or irregularity with specificity, the Court concludes that Plaintiff has failed to state claims upon which relief can be granted under Rule 12(b)(6).

At the September 5, 2014, hearing, Plaintiff offered further argument that the foreclosure sale notice provided by Defendants was insufficient under applicable Michigan foreclosure law.

8

Accordingly, the Court allowed Defendants the opportunity to provide copies of the return service card evidencing the mailing of the foreclosure notice, as well as evidence of other communications Plaintiff had with Defendants' counsel's office indicating her knowledge of the impending foreclosure. These documents are refuted by Plaintiff's self-serving affidavit. Giving Plaintiff every benefit, the Court sees a potential narrow issue that needs limited discovery. This issue is the actual or constructive notice that Plaintiff received so that the Court can determine if this action can continue. Since this issue is narrow, the Court will allow discovery on the notice issue for 63 days, and then allow the parties to submit additional pleadings supporting their respective positions.

**Signed on October 16, 2014**

                                              **/s/ Daniel S. Opperman**
                                              **Daniel S. Opperman**
                                              **United States Bankruptcy Judge**