UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    TORI L. BRYCE,                                        Case No. 14-20923-dob
                                                      Chapter 13 Proceeding
          Debtor.                                   Hon. Daniel S. Opperman
_____/

TORI L. BRYCE,

    Plaintiff,

v.                                                               Adversary Proceeding
                                                               Case No. 14-2048-dob

CITIMORTGAGE, INC., and FEDERAL
NATIONAL MORTGAGE, d/b/a
FANNIE MAE

    Defendants.
_____/

OPINION REGARDING DEFENDANTS' MOTION TO DISMISS

Introduction and Facts

      Before the Court is Defendants Citimortgage, Inc. And National Mortgage Association's (collectively, "Defendants") Motion To Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This adversary proceeding is brought by Plaintiff Debtor Tori L. Bryce to set aside a foreclosure sale dated September 13, 2013. A hearing was previously held on this Defendant's Motion on September 5, 2014, after which the Court issued its Opinion and Scheduling Order on the Motion on October 16, 2014. The October 16, 2014, Scheduling Order opened discovery and allowed for supplemental pleadings to be filed on the limited issue of notice as detailed in the Opinion:

1

> At the September 5, 2014, hearing, Plaintiff offered further argument that the foreclosure sale notice provided by Defendants was insufficient under applicable Michigan foreclosure law. Accordingly, the Court allowed Defendants the opportunity to provide copies of the return service card evidencing the mailing of the foreclosure notice, as well as evidence of other communications Plaintiff had with Defendants' counsel's office indicating her knowledge of the impending foreclosure. These documents are refuted by Plaintiff's self-serving affidavit. Giving Plaintiff every benefit, the Court sees a potential narrow issue that needs limited discovery. This issue is the actual or constructive notice that Plaintiff received so that the Court can determine if this action can continue. Since this issue is narrow, the Court will allow discovery on the notice issue for 63 days, and then allow the parties to submit additional pleadings supporting their respective positions.

The Scheduling Order also scheduled a hearing for February 20, 2015 on this limited issue. Prior to the February 20, 2015, hearing, the parties notified the Court of the possibility of Plaintiff refinancing and that they were attempting to resolve the matter, which temporarily slowed the progress of this case. This matter was then re-set for hearing for May 21, 2015, after notification from counsel that the matter was not resolved.

The facts are sufficiently summarized in this Court's October 16, 2014, Opinion, and are re-stated here as the facts are brief and straightforward. Plaintiff granted a first mortgage regarding real property then owned by her located at 3571 Nort Rd., Bridgeport, Michigan (the "Property") to Citizens Bank, which was later assigned to Defendant Citimortgage, Inc. The mortgage was granted on December 26, 2002, and recorded with the Saginaw County Register of Deeds on February 19, 2003. The Property was sold at foreclosure sale on September 13, 2013, and the Sheriff's Deed was thereafter recorded on September 19, 2013. The Property was transferred to Defendant Federal National Mortgage Association via Quit claim Deed recorded with the Saginaw County Register of Deeds on October 15, 2013.

The redemption period expired on March 13, 2014. Defendants then commenced proceedings to evict Debtor from the Property, and while such was pending, Debtor filed the instant Chapter 13 bankruptcy on April 21, 2014. Defendants filed a Motion for Relief from Stay on May

14, 2014. This Adversary Proceeding was filed by Debtor on May 27, 2014, seeking a determination that the foreclosure sale is void for failure to comply with Michigan foreclosure statutes, violation of the mortgage "contract," violation of Michigan's Regulation of Collection Practices Act, and violation of the Michigan Consumer Protection Act. The Motion for Relief from Stay and confirmation have both been adjourned to September 17, 2015.

Defendants filed the instant motion to dismiss asserting that Plaintiff failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), their arguments being that Plaintiff lacked standing to void this mortgage because the bankruptcy was filed after the redemption period had expired, and that the Plaintiff had no interest in the property at the time the bankruptcy was filed.

Plaintiff responded, asserting that Michigan's foreclosure statute was not complied with because the required notice of default and impending sale was not provided or was improperly provided to her. She asserted that she "received no notice whatsoever of the default, the foreclosure sale or the subsequent eviction." Plaintiff supported these assertions with her own affidavit attached to her response.

In its October 16, 2014, Opinion, the Court granted Defendants' Motion, but reserved the issue of notice, allowing further limited discovery. Specifically, the Court held in its Opinion:

> Plaintiff does not assert the fraud/equitable extension defense under the above-stated Michigan statute, MCL 600.5801(1), which would possibly give her five years to pursue and challenge a mortgage foreclosure sale. *See Hermiz v. Federal Home Loan Mortgage Corp. (In re Hermiz)*, 2013 WL 3353928 (E.D. Mich. July 3, 2013). There is no allegation of intentional fraud in Plaintiff's complaint. Rather, Plaintiff indirectly implied in her Complaint that she "never received notice of the pending sale," and that when the subsequent eviction proceeding thereafter ensued, the "process server mistakenly" went to the wrong house to serve the Writ of Restitution. (Complaint, ¶ 15 and 16). These allegations do not plead fraud, but a mere allegation of possible negligence in service of these notices and pleadings. This does not come close to the specificity in pleading requirements of Federal Rule of Civil Procedure 9(b). Thus, because her Complaint does not plead or can be plausibly read to plead

3

the required fraud or irregularity with specificity, the Court concludes that Plaintiff has failed to state claims upon which relief can be granted under Rule 12(b)(6).

On the notice issue, the Court stated in its Opinion:

> At the September 5, 2014, hearing, Plaintiff offered further argument that the foreclosure sale notice provided by Defendants was insufficient under applicable Michigan foreclosure law. Accordingly, the Court allowed Defendants the opportunity to provide copies of the return service card evidencing the mailing of the foreclosure notice, as well as evidence of other communications Plaintiff had with Defendants' counsel's office indicating her knowledge of the impending foreclosure. These documents are refuted by Plaintiff's self-serving affidavit. Giving Plaintiff every benefit, the Court sees a potential narrow issue that needs limited discovery. This issue is the actual or constructive notice that Plaintiff received so that the Court can determine if this action can continue. Since this issue is narrow, the Court will allow discovery on the notice issue for 63 days, and then allow the parties to submit additional pleadings supporting their respective positions.

The parties were allowed ample time to engage in discovery and produce additional proofs supporting their positions. In particular, Plaintiff has not offered any additional evidence supporting her position regarding notice and the other relevant issues in this case.

At the May 21, 2015, hearing, the focus was on the indicated sole remaining issue of notice. Defendants argued that Plaintiff cannot possibly meet her burden in this case in demonstrating her lack of notice of the foreclosure sale based upon the pleadings on file with the Court, including the supplemental documents submitted to the Court by Defendants. Plaintiff argued that while a signature of a "Tori Bryce" is on the domestic return receipt card, showing receipt of service of notice of the foreclosure sale, such is not her signature, asserting that someone other than her signed the acknowledgment of receipt. The parties offered the Court nothing new on this issue other than argument of counsel at the May 21, 2015, hearing.

Jurisdiction

This Court has "related to" jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(c) and E.D. Mich. LR 83.50, as one that is "not a core proceeding but that is otherwise related

4

to a case under title 11."

The United States Supreme Court has determined that so long as the parties knowingly and voluntarily consent, Article III allows bankruptcy judges to adjudicate certain claims. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015).

The issues involve purely state law issues concerning state contract law, state law foreclosure and other state law statutes. Thus, the Court determines this is not a core proceeding, but is related to a case under title 11. Because the parties have consented to the Court hearing and deciding this matter, as well as entering appropriate orders and judgments, the Court will proceed in issuing its Opinion.

Law

Standard for Motion to Dismiss - Failure to State a Claim

Federal Rule of Civil Procedure 12(b), applicable in this adversary proceeding through Federal Rule of Bankruptcy Procedure 7012, states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in a responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

The legal standard for Rule 12(b)(6) is discussed at length in the October 16, 2014, Opinion. Thus, a short reference to the standard articulated by the United States Supreme Court in the more recent case of *Ashcroft v. Iqbal*, 556 U.S.662 (2009), is sufficient. The *Iqbal* Court defined two "working principles underl[ying its] decision its previous decision in *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007):

5

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]" – "that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 678-79 (citations omitted).

The Court may consider recorded instruments when deciding a Rule 12(b)(6) motion, including a Sheriff's Deed, as such are a matter of public record. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) ("A court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment.").

<u>Analysis and Conclusion</u>

Notice is presumed valid based upon the record of the foreclosure sale in this case. M.C.L.A. § 600.3264 (The recorded affidavits and the record "shall be presumptive evidence of the facts therein contained."). It is Plaintiff's burden to demonstrate an otherwise proper foreclosure by advertisement should be set aside. *Detroit Trust Co. Agozzinio*, 280 Mich. 402, 273 N.W. 747 (1937). Plaintiff has offered and continues to offer nothing more than a blanket statement denying notice, arguing that it is not her signature on the return receipt card. The Court has also examined the attachments to Defendants' Motion and Supplemental Motion, including the return receipt card, the communications prior to and after the foreclosure sale, the Proof of Service and Affidavit of Mailed Notice showing service on June 25, 2013, the Proof of Publication, the Affidavit of Posting, and the September 13, 2013, Sheriff's Deed, among other documents.

The allegations raised by Plaintiff as to notice fit the profile described by the *Iqbal* Court. Plaintiff's allegations in this regard are the classic form of "mere conclusory statements." Plaintiff has only offered her own self-serving affidavit and statements, which at best offer nothing more than the "mere possibility" Plaintiff did not have notice of the foreclosure sale.

The Michigan foreclosure statute is carefully constructed to provide due process of notice to the mortgagor. To dispute notice without more than a mere allegation does not provide a viable cause of action at this post-redemption stage. As concluded in this Court's October 16, 2014, Opinion, Plaintiff did not plead with sufficient specificity the fraud or irregularity in the service of notice as required by M.C.L.A. § 600.5801(1) and Federal Rule of Civil Procedure 9(b), as is required to set aside a foreclosure sale once the statutory redemption period lapses. Plaintiff continues to fail to state a claim resembling fraud or irregularity beyond mere conclusory allegations. Accordingly, Defendants' Motion to Dismiss for failure to state a claim under Rule 12(b)(6) is granted. Defendants shall prepare and present an appropriate order.

**Not for Publication**

```
Signed on August 07, 2015
                                         /s/ Daniel S. Opperman
                                    Daniel S. Opperman
                                    United States Bankruptcy Judge
```